1  LUIS A. CARRILLO, Esq. SBN 70398
2  MICHAEL S. CARRILLO, Esq. SBN 258878
   CARRILLO LAW FIRM, LLP
3  1499 Huntington Drive, Suite 402
   South Pasadena, CA 91030
4  Tel: (626) 799-9375/Fax: (626) 799-9380
5
6  Attorneys for Plaintiff
7
8              **UNITED STATES DISTRICT COURT**
9             **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| TRINIDAD BARRAGAN, Plaintiff and as successor in interest for Decedent JOSE CHAVEZ, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LOS ANGELES, Sergeant Rafael Quesada as Doe 1, Officer Alexander Aleshkevich as Doe 2, Officer Carl Thompson as Doe 3, and DOES 4-10, inclusive, <br><br> Defendants. | Case No. **2:18-cv-09684 CJC (PLAx)** <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br> 1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983) <br> 2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983) <br> 3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983) <br> 4. Fourteenth Amendment-Interference with Familial Relations (42 U.S.C. § 1983) <br> 5. Municipal Liability—Ratification (42 U.S.C. § 1983) <br> 6. Municipal Liability—Inadequate Training (42 U.S.C. § 1983) <br> 7. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983) <br> 8. Battery (Wrongful Death) <br> 9. Negligence (Wrongful Death) <br> 10. Violation of Cal. Civil Code § 52.1 <br> **DEMAND FOR JURY TRIAL** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COMPLAINT FOR DAMAGES

COME NOW Plaintiff Trinidad Barragan, individually and as successor in interest to Jose Chavez, Deceased, for her Complaint against Defendants City of Los Angeles and Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson Does 1-10, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved bean bag/Taser, and prone restraint use of force, which caused the death of Plaintiff's son, JOSE CHAVEZ, on May 6, 2018 in the City of Los Angeles, California.

## PARTIES

4.      At all relevant times, DECEDENT JOSE CHAVEZ ("DECEDENT") was an individual residing in the City of Los Angeles, California.

5.      Plaintiff TRINIDAD BARRAGAN ("BARRAGAN") is an individual residing in the City of Los Angeles, California and is the mother of DECEDENT. BARRAGAN sues both in her individual capacity as the mother of DECEDENT and

in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  BARRAGAN seeks both survival and wrongful death damages under Federal law and State law.

6.     At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles Police Department ("LAPD") and its agents and employees.   At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants DOES 4-10.

7.     Defendants City of Los Angeles Police Officer Alexander Aleshkevich, City of Los Angeles Police Officer Carl Thompson, and DOES 4-10, used force against DECEDENT, and/or who integrally participated in, and/or failed to intervene in the use of force against the DECEDENT, and who therefore proximately caused the injuries and damages alleged herein. The true names and/or capacities of Defendants DOES 4-10, and each of them, are presently unknown to Plaintiff, who therefore sues said Defendants by their fictitious names. Plaintiff will seek leave of Court to amend this Complaint and state the true names of such fictitiously named Defendants when the same have been ascertained. DOES 4-10 ("DOE OFFICERS") are police officers employed by the Defendant City of Los Angeles.   DOE OFFICERS were acting under color of law and within the course and scope of their employment as police Officers for the LAPD.  DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

8.     Defendant Sergeant Rafael Quesada, and DOES 7-10, were supervisory Officers for the LAPD who were acting under color of law and within the course and

FIRST AMENDED COMPLAINT FOR DAMAGES

scope of their employment as police officers for the LAPD.  DOES 7-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

9.    Defendants DOES 7-10 are executive, managerial, supervisorial, and final policymaking employees of CITY, who were acting under color of law and within the course and scope of their duties as managerial, supervisorial, and policymaking employees of CITY.  DOES 7-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

10.    On information and belief, Defendants DOES 4-10 were residents of the City of Los Angeles.

11.    In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of Defendants CITY and DOES 7-10.

12.    In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 4-10 were acting on the implied and actual permission and consent of the CITY.

13.    The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 4-10, inclusive, are unknown to Plaintiff, who as a result sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

14.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

15.    All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting

within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

16.  Defendants DOES 4-10 are sued in their individual capacities.

17.  On or about May, 21, 2018, pursuant to *Government Code* Section 910, Plaintiff CHAVEZ presented a claim with the City of Los Angeles in full and timely compliance with the *California Tort Claim Act*.

18.  On or about June 7, 2018, the City of Los Angeles rejected Plaintiff CHAVEZ's Claim pursuant to Government Code Sections 913 and 915.4.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

19.  Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 18 of this Complaint with the same force and effect as if fully set forth herein.

20.  On May 6, 2018, at the curbside of 4400 Towne Avenue in Los, Angeles, California, Defendants negligently used excessive force upon the DECEDENT. Defendants attempted to detain the DECEDENT by the use of the deployment of bean bag shots to the upper body of the DECEDENT. Defendants Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, resorted to the use of a TASER gun in order to effectuate the arrest of DECEDENT. In Defendants' attempt to effectuate the arrest, Defendants shocked DECEDENT with a Taser multiple times, unreasonably held him down, and placed pressure on his neck and back which disrupted the flow of oxygen to DECEDENT. The Defendants Officer Alexander Aleshkevich, Officer Carl Thompson held DECEDENT in a prone position, face down, and did <u>not</u> immediately return DECEDENT to his side after he had rolled unto his stomach, thereby allowing the DECEDENT to stay in the prone position for approximately three minutes; and this caused a lack of oxygen to DECEDENT thereby asphyxiating him and/or caused cardiopulmonary arrest. Said Defendants used multiple rounds of bean-bag shots

-4-

against the DECEDENT and the use of the Taser and placing DECEDENT in a prone position was an intentional and/or negligent use of excessive force against DECEDENT.  The excessive use of a Taser gun against the DECEDENT and the deployment of multiple rounds of bean bag shots caused the DECEDENT, and the pressure placed on his body caused DECEDENT to suffer cardiopulmonary arrest by the disruption of the flow of oxygen to DECEDENT.

21.   Said Defendants' excessive use of bean bag shots, excessive use of a Taser gun, and holding DECEDENT in a prone position, were the actual and proximate cause of DECEDENT's death.

22.   DECEDENT was unarmed, was not committing any crime, had not threatened any one, was not about to harm anyone, and posed no imminent threat of death or serious bodily injury to anyone.  As a result of the excessive force, DECEDENT endured severe pain and suffering, embarrassment, humiliation, suffered blunt force trauma to his extremities, upper torso, and head, and then lost his life, and enjoyment of life.

23.   The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT was unarmed and did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

24.   The CITY OF LOS ANGELES, the Los Angeles Police Department, Commanders, Captains, and other high ranking supervisors of the Los Angeles Police Department; negligently failed to train Los Angeles Police Officers, in conformity with POST training standards regarding *proper police tactics*, proper use of force, proper use of deadly force, and proper detention and arrest procedures; negligently failed to properly train City Police Officers, to *de-escalate* situations and interactions with City of Los Angeles residents so as to avoid the use of force, and the use of deadly force. These negligent failures of the CITY OF LOS ANGELES caused Los Angeles Police Department Officers, such as Defendants Sergeant Rafael Quesada,

-5-

Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, to escalate their interactions with residents and to overreact and resort to use of force when use of force is not necessary. These negligent failures to properly train City of Los Angeles Police Officers, such as said Defendants herein, was the proximate cause of the death of JOSE CHAVEZ, on May 6, 2018, who was killed by said Defendants. These failures to train by the CITY of LOS ANGELES manifested a deliberate indifference to the civil rights of the residents of the City of Los Angeles, and was the moving force in the violation of civil rights of the residents of the City of Los Angeles.

25.   Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT, even though he was clearly turning blue and unable to breathe.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's serious injuries.

26.   Plaintiff was dependent on DECEDENT, to some extent, for the necessities of life.

27.   Plaintiff BARRAGAN is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural mother of DECEDENT.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)

(By Plaintiff against Defendants CITY, Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, DOE OFFICERS)

28.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 27 of this Complaint with the same force and effect as if fully set forth herein.

///

///

-6-

29.     Defendants Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, detained DECEDENT without reasonable suspicion and arrested him without probable cause.

30.     Defendants Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, shot at the DECEDENT with bean-bag shots, shocked him with a Taser gun and used their bodyweight on DECEDENT's neck and back while he was on the ground. Defendants Officer Alexander Aleshkevich, Officer Carl Thompson held DECEDENT in a prone position, face down, and did not immediately return DECEDENT to his side after he had rolled unto his stomach, thereby allowing the DECEDENT to stay in the prone position for approximately three minutes; and this caused a lack of oxygen to DECEDENT thereby asphyxiating him and/or caused cardiopulmonary arrest. The unjustified use of force against the DECEDENT violated the DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31.     Defendant Sergeant Rafael Quesada, and DOES 7-10, were supervisory Officers for the LAPD who were acting under color of law and within the course and scope of their employment as police officers for the LAPD. Defendant Sergeant Rafael Quesada did not properly supervise Defendants Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10. Because Defendant Sergeant Rafael Quesada did not properly supervise the LAPD Police Officers on May 6, 2018, Defendants Officer Alexander Aleshkevich, Officer Carl Thompson held DECEDENT in a prone position, face down, and did not immediately return DECEDENT to his side after he had rolled unto his stomach, thereby allowing the DECEDENT to stay in the prone position for approximately three minutes; and this caused a lack of oxygen to DECEDENT thereby asphyxiating him and/or caused cardiopulmonary arrest. As a result of their joint misconduct, all Defendants are liable for DECEDENT's injuries. Said Defendants are liable for Plaintiff's injuries

either because they were integral participants in the excessive use of force, and by allowing the DECEDENT to stay in the prone position for approximately three minutes, or because they failed to intervene to prevent these violations.

32.    Plaintiff brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of DECEDENT's rights.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(By Plaintiff against Defendants CITY, Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, DOE OFFICERS)

33.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34.    Defendants Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, used excessive force against DECEDENT when said Defendants used a Taser gun upon the DECEDENT when the DECEDENT posed no threat to OFFICERS or others; and by the use of multiple rounds of a bean bag gun upon the DECEDENT's body causing the DECEDENT to suffer severe injuries to his upper torso. Defendants Officer Alexander Aleshkevich, Officer Carl Thompson, DOES 4-10, held DECEDENT in a prone position, face down, and did not immediately return DECEDENT to his side after he had rolled unto his stomach, thereby allowing the DECEDENT to stay in the prone position for approximately three minutes; and this caused a lack of oxygen to DECEDENT thereby asphyxiating him and/or caused DECEDENT cardiopulmonary arrest. Said Defendants' unjustified use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35.     Each of the said Defendants integrally participated and/or failed to intervene.

36.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

37.     The use of force was excessive and unreasonable, primarily because DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting.  Decedent was unarmed at the time that said Defendants used force against him. Further, Defendants' use of force violated their training and standard police officer training with regard to asphyxia and the use of prone restraints against individuals.

38.     The  Plaintiff brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of DECEDENT's rights.   Plaintiff also seeks attorney's fees.

## THIRD CLAIM FOR RELIEF

### Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)

(By Plaintiff against Defendants CITY, Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, DOE OFFICERS)

39.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.     The denial of medical care by said Defendants was after DECEDENT was Tased, shot with bean-bags, and after Defendants Officer Alexander Aleshkevich, Officer Carl Thompson held DECEDENT in a prone position, face down, and did <u>not</u> immediately return DECEDENT to his side after he had rolled unto his stomach, thereby allowing the DECEDENT to stay in the prone position for approximately three minutes, caused a lack of oxygen to DECEDENT thereby

-9-

asphyxiating him and/or caused cardiopulmonary arrest. All the acts and omissions of said Defendants deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment; and deprived Plaintiff of the substantive right of familial association with DECEDENT.

41.    As a result of the foregoing, DECEDENT suffered blunt force trauma, great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

42.    Said Defendants failure to provide timely medical treatment to DECEDENT did result in further significant injury or the unnecessary and wanton infliction of pain, and disregarded that serious medical need, causing DECEDENT great bodily harm and death.

43.    As a result of their misconduct, acts, and omissions Defendants CITY, Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, are liable for DECEDENT's injuries, either because they were integral participants in the wrongful acts and omissions, or because they failed to intervene to prevent these violations.

44.    The Plaintiff brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.

## FOURTH CLAIM FOR RELIEF
### Substantive Due Process (42 U.S.C. § 1983)
(By Plaintiff against Defendants CITY, Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10)

45.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 44 of this Complaint with the same effect as is fully set forth herein.

46.     Plaintiff BARRAGAN had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff BARRAGAN's familial relationship with her son, DECEDENT.

47.     DECEDENT himself had had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

48.     The Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive each of them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in the Plaintiff's familial relationship with her son, DECEDENT.

49.     The aforementioned actions of said Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

50.     As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. Said Defendants thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with her familial relationship with DECEDENT.

51.     As a direct and proximate cause of the acts of said Defendants, Plaintiff suffered emotional distress, mental anguish, and pain. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and affection of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

52.     Plaintiff brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights. Plaintiff also seeks attorney's fees.

### FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By Plaintiff against Defendants CITY, Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10)

53.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.     Defendants Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10 acted under color of law.

55.     The acts of aid Defendants deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

56.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of said Defendants, ratified said Defendants' acts and the basis for them. Upon information and belief, the final policymaker knew of and specifically approved of said Defendants acts and omissions.

57.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of said Defendants were "within policy."

58.     By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, and guidance, of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

///

///

FIRST AMENDED COMPLAINT FOR DAMAGES

59.     Accordingly, Defendants CITY, Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, are each are liable to the Plaintiff for compensatory damages under 42 U.S.C. § 1983.

60.     The Plaintiff brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights. Plaintiff also seeks attorney's fees.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(By Plaintiff against Defendants CITY, Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10)

61.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62.     Defendants Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10 acted under color of law.

63.     The acts of said Defendants deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

64.     The training policies of Defendant CITY were not adequate to train its police Officers to handle the usual and recurring situations with which they must deal.

65.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

66.     The negligent and unjustified use of force by the said Defendants was a result of the negligent training by the CITY who failed to train CITY police Officers as to *proper police tactics*, proper use of force, proper use of deadly force, and proper detention and arrest procedures. The CITY was responsible for the training of CITY Officers to ensure that the actions, procedures, and practices of said Defendants

-13-

complied with Peace Officer Standards and Training (POST) training standards regarding proper police tactics, and proper use of deadly force.

67.     The CITY negligently failed to train CITY officers to comply with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers. The training policies of CITY were not adequate to train its police officers to handle the usual and recurring situations with residents that said Defendants have contact with.

68.     The training policies of the CITY were deficient in the following ways:

a.     The CITY failed to properly train City of Los Angeles Police Officers, so that Police Officers do not *escalate* their interactions with residents and do not overreact and resort to use of deadly force when the use of force was not necessary.

b.     The CITY failed to properly train City of Los Angeles Police Officers so that said Defendants do not permit fear to reach the point of becoming *unreasonable fear*, and not objectively reasonable, which would result in the use of force to cause that would cause the death of residents, such as DECEDENT. This was a part of the CITY's negligent failure to train said Defendants to properly and *adequately assess* the need to use force against DECEDENT.

c.     The CITY failed to properly train City of Los Angeles Police Officers, such as said Defendants, in *proper police tactics*, such as situational awareness so that Police Officers do not utilize negligent tactics, such as said Defendants herein. Because of this lack of proper training by the CITY, the Defendants Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, did not use proper police tactics in handling of the contact with DECEDENT, and instead used defective police tactics, including

-14-

the lack of a ***situational awareness*** by the said Defendants. These defective tactics resulted in the death of DECEDENT.

d.     The CITY failed to properly train City of Los Angeles Police Officers, such as Defendants herein, would be trained in the importance of ***effective communication*** prior to using force.

f.     Because of the lack of proper training by the CITY, said Defendants did not use effective communication prior to and during the use of force against DECEDENT. The ineffective communication of information by said Defendants prior to, and during the incident, resulted in the death of DECEDENT.

69.     The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiffs' rights by said Defendants; that is, Defendant CITY's failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

70.     By reason of the aforementioned acts and omissions, the Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and moral support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

71.     Accordingly, Defendants CITY, SERGEANT RAFAEL QUESADA, OFFICER ALEXANDER ALESHKEVICH, OFFICER CARL THOMPSON, AND DOES 4-10, each are liable to the Plaintiff for compensatory damages under 42 U.S.C. § 1983.

72.     The Plaintiff brings this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights. Plaintiff also seeks attorney's fees.

///

///

-15-

## **SEVENTH CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By Plaintiff against Defendants CITY, Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10)

73.     Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

74.     Defendants Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10 acted under color of law.

75.     Defendants Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

76.     On information and belief, said Defendants were not disciplined, suspended, lost job benefits, or otherwise penalized by the Defendant CITY in connection with DECEDENT's death.

77.     Defendants CITY, and Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, together with other CITY final policymakers, the Chief of Police, Supervisors, and other LAPD Commanders maintained, the following unconstitutional customs, practices, and policies:

(a)     Using excessive force, including excessive deadly force;

(b)     Providing inadequate training regarding the use of force, and the risks of forcefully maintaining handcuffed individuals in a prone position on the ground;

(c)     Employing and retaining as police officers individuals such as Defendants Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, who Defendant CITY at all times material herein knew or reasonably

should have known had dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining CITY police Officers, and other personnel, including Defendants Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY police Officers, such as Defendants Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10;

(f) Failing to adequately discipline CITY police officers, including Defendants Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified uses of force are "within policy," including uses of force that were later determined in court to be unconstitutional;

(h) Even where uses of force are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(j)  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of incidents of excessive force by police officers, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in use of excessive force against unarmed people.

78.   By reason of the aforementioned acts and omissions, Plaintiff has suffered the loss of the love, companionship, affection, comfort, care, society, training, guidance, and moral support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

79.   Defendants CITY and Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

80.   The following are only a few examples of continued misconduct by officers working for Defendant CITY.   These examples demonstrate an unconstitutional custom, policy, and practice of using deadly force against unarmed civilians, and ratifying that use of deadly force and/or finding the use of deadly force to be justified or "within policy;"

a) In *Contreras v. City of Los Angeles*, case number 2:11-cv-01480-SVW (SHx)), the CITY argued that the use deadly force against Mr. Contreras by LAPD officers was reasonable; a unanimous jury disagreed, awarding Mr. Contreras $5,700,000.00 after finding that the involved officers used excessive and unreasonable force when they shot an unarmed Mr. Contreras.  Police reports confirmed that Mr. Contreras was unarmed.  In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

b) In *P.C., et al. v. City of Los Angeles*, case number CV 07-3413 PLA, the CITY argued that the involved LAPD officers' use of force was reasonable; a unanimous jury disagreed, awarding the Plaintiff a total of $3,215,000.00 after finding that the involved officers' use of force was excessive and unreasonable.  In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

c) In *Cano, et al. v. City of Los Angeles*, case number 2:15-cv-00333-JAK-E, currently pending in the United States District Court for the Central District of California, the family of an unarmed man (David Martinez) who was shot and killed by LAPD Rampart officers alleged that the force used by the officers was excessive and unreasonable.  Police reports confirm that Mr. Martinez was unarmed at the time of the shooting. In that case, the involved officers were not disciplined or

-19-

retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

81.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY, Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

82.     Accordingly, Defendants CITY, Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, each are liable to the Plaintiff for compensatory damages under 42 U.S.C. § 1983.

83.     The Plaintiff brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.   The Plaintiff also seeks attorney's fees.

## EIGHTH CLAIM FOR RELIEF

### Battery (Wrongful Death)

(By Plaintiff against Defendants CITY, Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10)

84.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 83 of this Complaint with the same force and effect as if fully set forth herein.

85.     Defendants Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, shot at the DECEDENT with bean-bag shots, shocked him with a Taser gun and used their bodyweight on DECEDENT's neck and back while he was on the ground. Defendants Officer Alexander Aleshkevich, Officer Carl Thompson held

DECEDENT in a prone position, face down, and did <u>not</u> immediately return DECEDENT to his side after he had rolled unto his stomach, thereby allowing the DECEDENT to stay in the prone position for approximately three minutes; and this caused a lack of oxygen to DECEDENT thereby asphyxiating him and/or caused cardiopulmonary arrest. DECEDENT was unarmed and posed no threat. As a result of the acts and omissions of said Defendants, DECEDENT suffered severe pain and suffering, including blunt force trauma and a lack of oxygen, ultimately causing the DECEDENT his loss of life from injuries caused by said Defendants. Said Defendants had no legal justification for using force against DECEDENT, and this use of force while carrying out their duties as police officers was an unreasonable and nonprivileged use of force.

86.    DOE OFFICERS integrally participated and/or failed to intervene.

87.    As a direct and proximate result of the conduct of said Defendants as alleged above, DECEDENT sustained injuries and died from his injuries. Also as a direct and proximate result of the conduct of said Defendants, as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

88.    CITY is vicariously liable for the wrongful acts of said Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

89.    Plaintiff brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.   Plaintiff also seeks attorney's fees.

///

///

# **NINTH CLAIM FOR RELIEF**

## **Negligence**

### (Wrongful Death)

(By Plaintiff against Defendants CITY, Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10)

90.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 89 of this Complaint with the same force and effect as if fully set forth herein.

91.     CITY Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

92.     Defendants Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10 breached this duty of care.   Upon information and belief, the actions and inactions of said Defendants were negligent and reckless, including but not limited to:

> (a)   The failure to properly and adequately assess the need to use force or deadly force against DECEDENT;
>
> (b)   The negligent tactics and handling of the situation with DECEDENT, including the said Defendants use of a Taser gun and bean bag shots to his body, and used their bodyweight on DECEDENT's neck and back while he was on the ground; Defendants Officer Alexander Aleshkevich, Officer Carl Thompson held DECEDENT in a prone position, face down, and did not immediately return DECEDENT to his side after he had rolled unto his stomach, thereby allowing the DECEDENT to stay in the prone position for approximately three minutes;

(c)     The negligent use of force, against DECEDENT;

(d)     The failure to provide prompt medical care to DECEDENT;

(e)     The failure to properly train and supervise employees, both professional and non-professional, including said Defendants;

(f)     The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)     The negligent communication of information during the incident;

(h)     The failure to promptly summon medical care for DECEDENT.

93.     As a direct and proximate result of Defendants' conduct as alleged above, and other negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.   Also as a direct and proximate result of Defendants' conduct alleged above, Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and moral support of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

94.     CITY is vicariously liable for the wrongful acts of said Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

95.     Plaintiff brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of DECEDENT's rights.

## TENTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(By Plaintiff against Defendants CITY, Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10)

96.     Plaintiff repeats and re-alleges each and every allegation in paragraphs

-23-

1 through 95 of this Complaint with the same force and effect as if fully set forth herein.

97.    California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

98.    California Civil Code, Section 52.1 (the Bane Act), applies to this complaint with the same force and effect as fully set forth herein:

a.    If a person or person, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals or rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state... a civil action for injunctive and other appropriate equitable relief may be brought.

99.    Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

100.    The Bane Act, the California Constitution and California common law prohibit the use of excessive force by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. See *Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995). "[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*,

713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. County. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is within the protection of the Bane Act").

101.   Defendants Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, violated DECEDENT's Fourth Amendment rights to be free from unreasonable seizures when said Defendants used excessive force against him, causing his death.

102.   DECEDENT was caused to suffer severe pain and suffering and ultimately died for which he, by Plaintiff as his successor-in-interest, is entitled to recover survival damages.

103.   The conduct of said Defendants was a substantial factor in causing the harm, losses, injuries, and damages of DECEDENT.

104.   The CITY OF LOS ANGELES is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

105.   Plaintiff also seeks costs and attorney fees under this claim pursuant to subsection (h).

106.   On information and belief, Defendants Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, and DOES 4-10, inclusive, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including handcuffing, Tasing, using bean bag shots, holding DECEDENT in a prone position, face down, and said Defendants did <u>not</u> immediately return DECEDENT to his side after he had rolled unto his stomach,

thereby allowing the DECEDENT to stay in the prone position for approximately three minutes, and this caused a lack of oxygen to DECEDENT thereby asphyxiating him and/or caused cardiopulmonary arrest. All these acts and omissions were without justification, by integrally participating and failing to intervene in the above violence, and by denying DECEDENT necessary medical care.

107.   When said Defendants Tased, handcuffed, and caused asphyxiation for the DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

108.   On information and belief, said Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

109.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by said Defendants, inclusive were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

110.   Said Defendants thus successfully interfered with the above civil rights of DECEDENT and the Plaintiff.

111.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

112.   Plaintiff brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

113.   Plaintiff also seek attorney's fees.

FIRST AMENDED COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TRINIDAD BARRAGAN, individually and as successor-in-interest to JOSE CHAVEZ, deceased, request entry of judgment in her favor and against Defendants City of Los Angeles, Sergeant Rafael Quesada, Officer Alexander Aleshkevich, Officer Carl Thompson, inclusive, as follows:

A.   For compensatory damages in whatever amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B.   For non-economic damages;

C.   For statutory damages;

E.   For interest;

F.   For reasonable attorneys' fees under 42 U.S.C. § 1988;

G.   For reasonable attorneys' fees under the Bane Act;

H.   For costs of suit; and

I.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  August 28, 2020         CARRILLO LAW FIRM, LLP.

By_____
Luis A. Carrillo
Attorney for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:  August 28, 2020         CARRILLO LAW FIRM, LLP.

By_____
Luis A. Carrillo
Attorney for Plaintiffs

-27-